UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DMITRY ARTEMOV,

               Plaintiff,                        **MEMORANDUM AND ORDER**
     -against-                                     18-CV-2537 (PKC)(LB)

LUISE RAMOS; STARRETT CITY;
STARRETT CITY DEPARTMENT OF
PUBLIC SAFETY,

               Defendants.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

       On April 27, 2018, Plaintiff Dmitry Artemov filed this *pro se* action pursuant to 42 U.S.C. §§ 1983, 1985, 1988, Title VII, New York State law, and Title 8 of the Administrative Code of the City of New York ("NYCHRL") against Starrett City[1], a 46-building residential complex in Brooklyn, New York, its Department of Public Safety and one of its officers. Plaintiff alleges that, on January 18, 2018, Defendant Luise Ramos, in his capacity as a public safety officer of Starrett City, harassed, discriminated against, stopped, detained, and denied Plaintiff access to the CVS pharmacy on the property without probable cause and because Plaintiff is a transgender woman. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons explained below, Plaintiff's Section 1985, 1988 and Title VII claims, and the Section 1983 claim against Defendants Starrett City and Starrett City Department of Public Safety

---

[1] Starrett City and its Department of Public Safety are, as Plaintiff notes in her Complaint, also known as" Spring Creek Towers" and "Spring Creek Towers Department of Public Safety". The Court will refer to these Defendants collectively as "Starrett City" in this Order.

1

are dismissed, but Plaintiff's remaining Section 1983 claims against Defendant Ramos, along with her related state law and NYCHRL claims against all Defendants, shall proceed.

## BACKGROUND

On January 18, 2018, Plaintiff brought her bicycle to the CVS pharmacy at 1346 Pennsylvania Avenue in Starrett City at approximately 2:55 P.M. and parked it near the shopping carts.[2] Defendant Ramos observed Plaintiff, and blocked the entrance to the pharmacy with his patrol car, seized plaintiff's bicycle "by placing [a] hea[v]y steel shopping cart above [the] bicycle, stopped plaintiff, and detained plaintiff for a period of time." (Complaint, Dkt. 1 ("Compl.") at 8.)[3]

Plaintiff alleges that Ramos had no probable cause or basis for stopping her, and that he discriminated against her because she is a transgender woman. In response to her inquiry as to why he was stopping her, Ramos, who had known Plaintiff as a transgender woman since 2012, said to her: "You are not a human." (*Id.* at 8.)

Plaintiff alleges that Defendants "obstructed access to public accommodation[,] detained, harassed and abused" her. (*Id.* at 9.) She seeks damages for violations of her constitutional rights, state law, and the NYCHRL.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[2] The facts set forth herein are based on the allegations in Plaintiff's Complaint, which are accepted as true for purposes of this Order.

[3] For ease of reference, citations to Court documents utilize the pagination generated by the CM/ECF docketing system and not the document's internal pagination.

relief." The Court construes a plaintiff's *pro se* pleadings liberally, especially where they allege civil rights violations. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("When the plaintiff proceeds *pro se,* as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (construing *pro se* § 1983 civil rights claim liberally)).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

### A. Section 1985 Claim

To the extent that Plaintiff brings this action pursuant to 42 U.S.C. § 1985, she has failed to allege facts sufficient to show the existence of any conspiracy designed to deprive her of her rights. *See Brito v. Arthur,* 403 F. App'x 620 (2d Cir. 2010) (quoting *Ostrer v. Aronwald*, 567

3

F.2d 551, 553 (2d Cir. 1977) (*per curiam*)). Claims of conspiracy that are vague and provide no basis in fact must be dismissed. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (finding allegations of conspiracy "baseless" where plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators"); *Webb v. Goord,* 340 F.3d 105, 110-11 (2d Cir. 2003) (to maintain a conspiracy action, plaintiff "must provide some factual basis supporting a meeting of the minds"). Here, Plaintiff alleges no facts regarding the existence of any conspiracy designed to deprive her of her rights. Therefore, Plaintiff has failed to state a cause of action as to her claims under 42 U.S.C. § 1985, and this claim is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Section 1988 Claim

Plaintiff asserts a claim under Section 1988. The Civil Rights Attorney's Fee Awards Act, 42 U.S.C. § 1988(b), which provides in pertinent part:

> In any action or proceeding to enforce a provision of sections . . . 1983, 1985, and 1986 [,] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.

Section 1988 is a civil rights statute authorizing the award of attorney's fees to prevailing parties in certain civil rights actions; it does not grant an independent cause of action. *Vecchia v. Town of North Hempstead*, 927 F. Supp. 579, 580-81 (E.D.N.Y. 1996). As discussed *supra*, Plaintiff's claim under Section 1985 is dismissed and thus provides no basis for an award of attorney's fees. 28 U.S.C. § 1915(e)(2)(B)(ii). In any event, because Plaintiff is a *pro se* litigant who is not a lawyer, she is not entitled to attorney's fees under Section 1988. *See Kay v. Ehrler,* 499 U.S. 432, 434–35 (1991) ("The Circuits are in agreement . . . on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees.") Thus, even if Plaintiff prevails on her Section

1983 claim, Section 1988 does not entitle her to receive attorney's fees. Plaintiff's Section 1988 claim is, therefore, dismissed.

### C. Title VII Claim

Plaintiff also brings a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), which makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The purpose of the section to which Plaintiff cites, 42 U.S.C. § 2000e–16a, "is to provide procedures to protect the rights of certain government employees, with respect to their public employment, to be free of discrimination on the basis of race, color, religion, sex, national origin, age, or disability." 42 U.S.C. § 2000e–16a(b). Plaintiff does not allege any employment relationship with Defendants and no allegations in the Complaint concern her employment. Because Plaintiff has failed to state a cause of action under Title VII, this claim is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Claim of Municipal Liability against Starrett City and Starrett City Department of Public Safety under Section 1983

Plaintiff also brings this action against all Defendants, including Starrett City and its Department of Public Safety, pursuant to 42 U.S.C. § 1983, asserting violations of her First, Fourth, Fifth and Fourteenth Amendments under the United States Constitution. To sustain a Section 1983 claim, Plaintiff must allege that (1) "the conduct complained of . . . [was] committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived . . . [her] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994).

Defendant Starrett City "is a private corporation that operates a private security force that has been deputized by the New York City Police Department and whose officers have the power to make arrests." *Brown v. Starrett City Assocs.,* No. 09-CV-3282 (JBW), 2011 WL 5118438, at *1 (E.D.N.Y. Oct. 27, 2011). That private security force is known as "Starrett City Department of Public Safety", also named as a Defendant here. Defendant Ramos was employed by Starrett City's Department of Public Safety as a security officer on the date of the incident alleged in this Complaint, and was acting in that capacity during the incident.

"When a private corporation operates a private police force, it is subject to liability under 42 U.S.C. § 1983 as if it were a municipality." *Id.* at *5 *(citing Rodriguez v. Smithfield Packing Co., Inc.,* 338 F.3d 348 (4th Cir. 2003)). However, Congress did not intend municipalities to be held liable under Section 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Thus, "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). The fifth element reflects the principle that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). In other words, a municipality may not be held liable under § 1983 "by application of the doctrine of *respondeat superior*." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (plurality opinion) (citing *Monell*, 436 U.S. at 691). Rather, there must be a "direct

causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff has failed to allege any facts that would support an inference that an official policy or custom of Starrett City or its Public Safety Department caused a violation of her federally protected rights. Accordingly, Plaintiff's § 1983 claim is dismissed as to Defendants Starrett City and Starrett City Department of Public Safety for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). That claim, however, will proceed as to Defendant Ramos.

# CONCLUSION

Accordingly, Plaintiff's 42 U.S.C. § 1983 claims against Starrett City and Starrett City Department of Public Safety and her 42 U.S.C. §§ 1985, 1988, and Title VII claims against all Defendants are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff's Section 1983 claim against Defendant Ramos and her state law and NYCHRL claims against all Defendants will proceed. *See* 28 U.S.C. § 1367 (Court's supplemental jurisdiction). The Clerk of the Court is directed to issue a summons against each Defendant and the United States Marshals Service is directed to serve the Complaint and this Order on Defendants without prepayment of fees. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: May 8, 2018
 Brooklyn, New York